(63 App. Div. 570.)

### VARNUM v. BEHN et al.

(Supreme Court, Appellate Division, Fourth Department.   July 23, 1901.)

1. FRAUDULENT CONVEYANCE—HUSBAND AND WIFE—CREDITORS' SUIT.
    A husband fraudulently conveyed his goods to his wife and another, and such other conveyed to defendant, who purchased in good faith, and formed a partnership with the wife. Subsequently, after notice of the fraud and of pending actions to set aside the conveyance, the goods of the partnership were transferred to a corporation organized for the purpose, and in which the members of the partnership were the principal stockholders. *Held*, that the corporation, having purchased with notice, was bound by the judgments subsequently recovered in the creditors' actions adjudging the conveyance void.

2. SAME—SUBSEQUENT PURCHASER.
    The receiver was entitled to judgment against the corporation for the amount of the wife's interest in the partnership at the time it was transferred to the corporation, and against the wife for the value of the property conveyed to her by the husband, but to no judgment against the wife's partner individually.

    Rumsey and Williams, JJ., dissenting.

Appeal from judgment on report of referee.

Action by Jonas P. Varnum, receiver, against Herman Behn and the Bolton Shoe Company, impleaded with others. From a decision

of the referee the receiver and the defendant Bolton Shoe Company appeal. Affirmed.

The following is the opinion of the referee (WILLIAM G. TRACY):

In this action, referred to me by an order of this court to hear, try, and determine, and subsequently tried before me, I make the following decision: I find as facts:

(1) That the defendant Bolton Shoe Company is a domestic corporation, and was duly incorporated under the laws of the state of New York on or about the 1st day of January, 1895.

(2) That on the 2d day of August, 1893, the defendant Thomas Bolton was, and for many years prior thereto had been, engaged in the business of manufacturing and selling shoes at No. 93 Andrews street, in the city of Rochester, N. Y., and was then the owner of the machinery, dies, lasts, patterns, tools, and fixtures in the factory where his said business was carried on, and also of certain stock in trade, goods, and materials manufactured, or then in the process of manufacture, in his said factory, and also of certain accounts and bills receivable owing to him in said business, together with the good will attached to said business, and certain orders for goods, which seem to have been subject to countermand, and also certain sample trunks and shoes used in his business.

(3) That the said Thomas Bolton was then indebted to Menzo Van Voorhis, the Commercial Bank, Union Bank, and Frederick B. Hall severally in certain amounts, for which they respectively recovered thereafter judgments against him, as alleged in the complaint herein.

(4) That, while indebted as aforesaid, said Thomas Bolton, on the 2d day of August, 1893, transferred and assigned to his wife, the defendant Catharine Bolton, and one Frederick A. Sherwood, by a bill of sale dated that day, his said machinery, dies, lasts, patterns, tools, furniture, fixtures, stock in trade, goods, and materials manufactured and unmanufactured, and certain accounts and bills receivable, a list of which was attached to said bill of sale, amounting to the sum of $4,418.71, each of said transferees taking title to one undivided half of the property assigned. That the only consideration for said bill of sale was the satisfaction of an indebtedness and liability of said Thomas Bolton to said Sherwood, amounting to $11,744.56, and the similar satisfaction of an alleged indebtedness of a larger amount of said Thomas Bolton to said Catharine Bolton.

(5) That on said 2d day of August, 1893, and immediately after the execution of said bill of sale, said Sherwood and Catharine Bolton took possession of the property conveyed thereby, and said Sherwood conducted and carried on the business formerly carried on by said Bolton until the 15th day of August, 1893, for the benefit of himself and Catharine Bolton, under the name of the Thomas Bolton Shoe Company, to the extent of filling orders on hand, and completing goods partially manufactured. That during said period said Sherwood advanced in said business the sum of $2,253.88 over and above his receipts therefrom.

(6) That on the 15th day of August, 1893, the said Frederick A. Sherwood transferred and assigned to the defendant Herman Behn, by a bill of sale dated that day, an undivided one-half of all the machinery, dies, lasts, patterns, tools, furniture, fixtures, and the entire stock of shoes, slippers, goods, and materials manufactured and in process of manufacture in the shoe factory carried on by himself and Catharine Bolton at 93 Andrews street, Rochester, N. Y., together with an undivided half of all accounts and bills then owing said Sherwood and Catharine Bolton in said business, including those sold them by Thomas Bolton on August 2, 1893. That the consideration for said transfer to said Behn was the sum of $13,998.44, being the amount of said indebtedness of said Thomas Bolton to Sherwood of $11,744.56, and the sum of $2,253.88 put into said business by said Sherwood while he was conducting the same.

(7) That on said 15th day of August, 1893, and at the same time said Sherwood transferred his interest in said property as aforesaid, the defendant Herman Behn and Catharine Bolton entered into a co-partnership as equal

partners in the shoe business under the firm name and style of the Thomas Bolton Shoe Company, by an agreement in writing, dated that day, said partners contributing as capital to said firm their respective interests in the property above mentioned at a valuation of $13,000 for each partner, it being provided by the articles of partnership that said firm should continue until the 31st day of December, 1896.

(8) That on the 19th day of August, 1893, said Behn was notified that some of the creditors of Thomas Bolton, and especially the Commercial Bank, claimed that said transfer by Thomas Bolton to his wife and Frederick A. Sherwood, dated August 2, 1893, was fraudulent and void as to the creditors of Thomas Bolton, and that they intended to attack the same. That after said notice said Herman Behn and Catharine Bolton continued to conduct and carry on said partnership business until the 1st day of January, 1895, with full knowledge of the pendency of the judgment creditors' actions thereafter brought in which they were made parties defendant, hereinafter mentioned, and of the judgments recovered therein at the time of the recovery thereof.

(9) That on or about the 1st day of January, 1895, a domestic corporation was formed by the name of the Bolton Shoe Company by Catharine Bolton, Herman Behn, and three employés of said Thomas Bolton Shoe Company, with a capital stock of $50,000, divided into 500 shares of $100 each, and all the property and assets of said Thomas Bolton Shoe Company transferred and delivered to said corporation, without any transfer in writing thereof. That said corporation paid therefor as follows, viz.: To said Catharine Bolton, for her interest in the assets of said firm, the sum of $10,975.44, being the amount of her capital as stated in the articles of co-partnership, less the sum of $2,024.56 drawn by her from said firm between August 15, 1893, and January 1, 1895; to said Herman Behn, who was the sole creditor of said firm, the sum of $23,261.53, for an indebtedness of that amount owing to him by said firm; to said Herman Behn, for his interest as partner in the assets of said firm, the sum of $13,000, being the amount of capital as stated in the articles of co-partnership to have been contributed by him to said firm. That such payment to Catharine Bolton was made by said corporation issuing to her $10,000 of its capital stock, and placing to her credit the sum of $975.44, which was subsequently paid to her by said corporation. That said payment was made by said corporation to Herman Behn by issuing to him $36,500 of its capital stock, and charging him with $238.47, being the balance of said stock over the price paid for his interest. That $779.11 was also placed to the credit of Herman Behn and Catharine Bolton by said corporation. That $2,000 of said capital stock was also issued to Catharine Bolton by said corporation for her promissory note of $2,000, which stock was afterwards surrendered, said note canceled, and said stock reissued by said corporation to said Behn for the sum of $1,000; that the remaining $1,500 of said capital stock was issued to Henry Bolton, Ernest Arlidge, and Theodore Steinhauser, employés of said Thomas Bolton Shoe Company, and incorporators and directors of said corporation, $500 being issued to each of them in exchange for his promissory note of that amount; none of which notes have been paid, or were intended to be paid.

(10) That the good will of the business of Thomas Bolton, the orders on hand, and the sample trunks and shoes used in his business were not mentioned in the bills of sale made by Thomas Bolton and Frederick A. Sherwood, but said bills of sale were practically construed by the parties to cover the same, and the same were appropriated and used by said Thomas Bolton Shoe Company and the Bolton Shoe Company with the knowledge and consent of said Thomas Bolton.

(11) That the interest of Catharine Bolton in the firm assets of the Thomas Bolton Shoe Company, transferred to the Bolton Shoe Company as aforesaid, consisted of her interest in and to the property conveyed to her by Thomas Bolton by said bill of sale dated August 2, 1893, the property substituted therefor by said firm, the proceeds of sales of the property so conveyed and substituted, and the income, increase, and profits arising therefrom.

(12) That in the year 1893 judgments were duly recovered against Thomas Bolton in actions pending in the supreme court against him in favor of the

following named creditors, of the amounts and at the dates set opposite their names, respectively, as alleged in the complaint: Commercial Bank, September 13, 1893, $2,115.40; Commercial Bank, September 20, 1893, $3,032.30; Commercial Bank, October 7, 1893, $4,035.23; Commercial Bank, October 30, 1893, $583.75; Menzo Van Voorhis, October 21, 1893, $5,185.74. That said judgments were docketed in the clerk's office of the county of Monroe at the dates above stated, respectively, as alleged in the complaint herein. That executions against the property of said Thomas Bolton were duly issued upon each of said judgments after the entry of the same, as alleged in the complaint, to the sheriff of the county of Monroe, where Thomas Bolton then resided, and the same were duly returned unsatisfied, as stated in the complaint herein, prior to the commencement of the judgment creditors' actions brought as hereinafter stated by the Commercial Bank and Menzo Van Voorhis against said Thomas Bolton and others to set aside said bill of sale of August 2, 1893. That each and all of said judgments were recovered upon debts owing and unpaid on said 2d day of August, 1893.

(13) That after the return of said executions, and on or about the 1st day of November, 1893, an action was commenced in the supreme court of the state of New York in and for the county of Monroe, wherein the said Commercial Bank and Menzo Van Voorhis were plaintiffs, and said Thomas Bolton, Catharine Bolton, Frederick A. Sherwood, and Herman Behn were defendants, to set aside the transfer of said property made by said Thomas Bolton as aforesaid on August 2, 1893, as fraudulent and void as against the plaintiffs therein, and to set aside the transfer made by said Sherwood to said Behn as aforesaid on August 15, 1893, upon the ground that said Behn had notice or knowledge that the transfer from said Bolton to said Sherwood was fraudulent and void, and that said Behn was not a bona fide purchaser thereof. That all the defendants answered in said last-mentioned action, and such proceedings were thereafter had therein that on the 16th day of August, 1894, a judgment was duly entered in said judgment creditors' action in Monroe county clerk's office, whereby it was adjudged, among other things, that the transfer and assignment from Thomas Bolton to said Sherwood and Catharine Bolton on August 2, 1893, was fraudulent and void as against said Commercial Bank and said Menzo Van Voorhis; that said Sherwood and Catharine Bolton took the property so assigned to them subject to the equitable liens of the plaintiffs therein as creditors of said Thomas Bolton to have the said property applied in payment of their respective debts; that said Commercial Bank recover of the defendants Frederick A. Sherwood and Catharine Bolton $7,283.45; that said Menzo Van Voorhis recover of said Sherwood and Catharine Bolton the sum of $5,437.55; and that the complaint in said action be dismissed upon the merits as against the defendant Herman Behn. That thereafter the said defendants Frederick A. Sherwood, Catharine Bolton, and Thomas Bolton appealed from the judgment entered in said action to the general term of the supreme court, which last-mentioned court, in the month of June, 1895, reversed said judgment as to said Frederick A. Sherwood and Catharine Bolton, and directed a new trial of the issues therein as to them, but affirmed said judgment in all respects as against said Thomas Bolton. That thereafter a new trial of said action was had as to the issues made by the answers of the said defendants Frederick A. Sherwood and Catharine Bolton, and such proceedings were had therein that thereafter, and on the 14th day of August, 1896, a judgment was duly obtained and entered in said action against the defendant Catharine Bolton, wherein and whereby it was, among other things, adjudged that the bill of sale and transfer by said Thomas Bolton on August 2, 1893, and the agreement therein referred to, executed at the same time, between the same parties, were, and each of them was, fraudulent and void so far as the same purported to sell and convey to the said Catharine Bolton an undivided one-half interest in the property mentioned and described in said bill of sale as against said Commercial Bank and said Van Voorhis, and that her said undivided one-half of said property was and is applicable to the payment of the said judgments against said Thomas Bolton recovered by said Commercial Bank and said Van Voorhis as thereinbefore set forth; and that the amount

due upon said judgments in favor of said Commercial Bank was $8,115.61, and the amount due upon said judgments in favor of said Menzo Van Voorhis was the sum of $6,059.50.

(14) That in the year 1893, judgments were duly recovered in the supreme court of the state of New York against Thomas Bolton in favor of the creditors hereinafter mentioned in actions pending in said supreme court, in which they were plaintiffs, and said Thomas Bolton was defendant, and said judgments docketed in the office of the clerk of the county of Monroe, of the amounts and at the dates set opposite their names, respectively, as alleged in the complaint herein:　Union Bank, September 21, 1893, $2,033.61;　Union Bank, October 21, 1893, $3,033.71;　Frederick B. Hall, November 1, 1893, $1,025.45;　Frederick B. Hall, November 1, 1893, $2,028.64;　Frederick B. Hall, November 1, 1893, $4,048.64.　That immediately after the recovery of each of said judgments an execution was issued thereon against the property of said Thomas Bolton to the sheriff of the county of Monroe, and said executions were thereafter duly returned unsatisfied, as stated in the complaint herein, prior to the commencement of the judgment creditors' action, brought as hereinafter stated by the Union Bank against said Thomas Bolton and others to set aside said bill of sale of August 2, 1893, as alleged in the complaint herein.　That each and all of said last-mentioned judgments were recovered upon debts owing and unpaid by said Thomas Bolton on said 2d day of August, 1893, and each of the judgments mentioned in the complaint herein as being recovered by said Frederick B. Hall was duly assigned to the said Union Bank on the 2d day of November, 1893.

(15) That subsequent to the recovery of said judgments by the Union Bank and of the said Hall against the said Thomas Bolton, the assignment of said Hall's judgments to said Union Bank, the issuing of an execution upon each of said judgments against said Thomas Bolton, and the return of each of said executions unsatisfied, as alleged in the complaint herein, the said Union Bank commenced an action in the supreme court of the state of New York in and for the county of Monroe against said Thomas Bolton, Catharine Bolton, Frederick A. Sherwood, and Herman Behn to set aside the transfer of said property made by said Thomas Bolton as aforesaid on August 2, 1893, as fraudulent and void as against the plaintiff in said last-mentioned action, and to set aside the transfer made by said Sherwood to said Behn as aforesaid on August 15, 1893, upon the ground that said Behn had notice or knowledge that the transfer from said Sherwood to said Behn was fraudulent and void.　That thereafter such proceedings were had in said last-mentioned action that on the 16th day of August, 1894, a judgment was duly entered in said action in the Monroe county clerk's office, whereby it was, among other things, adjudged that the transfer and assignment from said Thomas Bolton to said Sherwood and Catharine Bolton was fraudulent and void as against said Union Bank, and that said Sherwood and Catharine Bolton took the property so assigned to them subject to the equitable lien of the said plaintiff therein as a creditor of said Thomas Bolton to have said property applied to the payment of its said judgments.　It was further adjudged in said action that said Union Bank recover of the defendants Sherwood and Catharine Bolton the sum of $12,862.92, and that the complaint in said action be dismissed upon the merits as to the defendant Herman Behn;　that thereafter the said defendants Sherwood, Catharine Bolton, and Thomas Bolton appealed from the judgment entered in said last-mentioned action to the general term of the supreme court, which last-mentioned court, in the month of June, 1895, reversed said judgment as to the said Frederick A. Sherwood and Catharine Bolton, and directed a new trial of the issues joined therein as to said defendants Sherwood and Catharine Bolton, but affirmed the judgment in all respects as to said Thomas Bolton.　That thereafter a new trial was had as to the issues made by the answers of said Sherwood and Catharine Bolton, and such proceedings were had therein that thereafter, and on the 12th day of November, 1896, a judgment was duly obtained and entered in said last-mentioned action against the defendant Catharine Bolton, wherein and whereby it was, among other things, adjudged that the bill of sale and

transfer of August 2, 1893, by Thomas Bolton, and the agreement therein referred to, executed at the same time, between the same parties, were, and each of them was, fraudulent and void so far as the same purported to sell and convey to the said Catharine Bolton an undivided one-half interest in the property mentioned and described in said bill of sale as against the said Union Bank, and that her said undivided one-half interest in said property was and is applicable to the payment of said judgments against said Thomas Bolton recovered by the said Union Bank as hereinbefore set forth, and that the amount due upon said judgments in favor of said Union Bank, including said judgments in favor of said Hall, which had been assigned to said bank, was the sum of $12,169.44, with interest thereon from November 1, 1893.

(16) That in and by said judgments of August 14, 1896, and of November 12, 1896, hereinabove mentioned, Jonas P. Varnum, the plaintiff herein, was duly appointed receiver of certain property conveyed by Thomas Bolton to Catharine Bolton by said bill of sale of August 2, 1893, and it was further adjudged in and by each of said judgments last mentioned that the defendant Catharine Bolton account to the plaintiff herein for all of said property sold and transferred to her by Thomas Bolton, and the proceeds and income derived therefrom, and the proceeds of any sale or sales thereof, with interest upon all moneys from the time or times the same respectively came to her hands in any manner from said property, or the use thereof; and that said Catharine Bolton pay over and transfer said property and the income thereof, and the proceeds, income, and profits thereof, to be determined upon an accounting therein, to this plaintiff, as such receiver aforesaid. That thereafter, and before the commencement of this action, the plaintiff duly filed his bond, and qualified as such receiver, and as directed by each of said judgments; and that by an order of this court, duly made and entered prior to the commencement of this action, the plaintiff herein was authorized by this court to commence this action.

(17) That the judgments of August 14, 1896, and November 12, 1896, recovered in the above-mentioned judgment creditors' actions, whereby the plaintiff was appointed receiver of certain property conveyed by Thomas Bolton to Catharine Bolton on the 2d day of August, 1893, are conclusive evidence in favor of the plaintiff in this action and against all the defendants herein of the facts adjudged thereby; and I find as a fact from said judgments that the bill of sale executed and delivered by the defendant Thomas Bolton to Frederick A. Sherwood and Catharine Bolton, and the agreement therein referred to, executed at the same time, between the same parties, both bearing date August 2, 1893, are, and each of said instruments is, fraudulent and void so far as the same purported to sell and convey to the defendant Catharine Bolton the undivided one-half of the property therein mentioned and described, as against the plaintiffs in said judgment creditors' actions, and as against the plaintiff in this action, and that the said undivided one-half of said property so transferred to the defendant Catharine Bolton by said bill of sale was and is applicable to the payment of the judgments in favor of the plaintiffs in said judgment creditors' actions to the amounts adjudged thereby.

(18) That the affairs of the Bolton Shoe Company have been substantially managed and controlled by the defendant Herman Behn, to whom there was issued when said company was incorporated $23,261.53 of the capital stock of said corporation on account of the indebtedness of said firm to him, and $13,-000 of the capital stock of said corporation on account of his interest as partner in the assets of said firm. That upward of $2,700 of said $23,261.53, which was owing the said Behn from said co-partnership, was for sums credited to him by said firm for the discount of bills paid by him before the same became due.

(19) That the defendant Bolton Shoe Company, and each of the incorporators, directors, and stockholders thereof, had notice at the time said Thomas Bolton Shoe Company transferred the property and assets of said co-partnership to said corporation, that the interest of said Catharine Bolton in said

property and assets was the same interest which had been transferred and assigned to her by said Thomas Bolton on August 2, 1893, as aforesaid, and that the property belonging to her, so transferred to said corporation, was the same property covered by said bill of sale of August 2, 1893, or property substituted by her and her partner in place thereof, and proceeds of sales of property so conveyed and substituted; and that said corporation, and each of the incorporators, directors, and stockholders thereof, at the time of said transfer to said corporation, had full knowledge of the fact that the judgment creditors' actions above mentioned were pending in the supreme court of this state to set aside the said transfer of August 2, 1893, by said Thomas Bolton, upon the ground that the same was fraudulent and void as to the creditors of Thomas Bolton: and that the judgments of 1894, above mentioned, had been recovered therein, and an appeal taken therefrom.

(20) That the sum of $2,024.56 was drawn out by said Catharine Bolton from the assets of said co-partnership between the 15th day of August, 1893, and the 1st day of January, 1895. That between January 31, 1895, and June 20, 1895, said corporation paid said Catharine Bolton the sum of $975.44, placed to her credit as aforesaid; and that on or about June 9, 1896, said Catharine Bolton sold and transferred 15 shares of said 100 shares of stock to said corporation upon condition that it pay certain bills, amounting to $1,125, which she had contracted in defending said judgment creditors' actions, reserving to herself the right to repurchase the same at the same price on or before the 15th day of December, 1896. That Catharine Bolton failed to exercise the right to repurchase said shares, and the corporation thereafter sold the same to said Behn for $725, and he now holds the same. That no dividend has been declared or paid by said corporation upon its capital stock. That the said moneys paid to said Catharine Bolton by said corporation as aforesaid were advanced to her for the purpose of furnishing funds with which she could carry on the litigations hereinbefore referred to and after the entry of said judgments against her on the 16th day of August, 1894.

(21) That, after the plaintiff herein was appointed receiver as aforesaid, he served upon Catharine Bolton, Herman Behn, and the Bolton Shoe Company, respectively, the demands in writing, copies of which are annexed to the complaint herein, at or about the respective dates thereof as alleged in said complaint. That shortly after February 9, 1897, the said defendant Catharine Bolton delivered to the plaintiff a certificate issued by said corporation to said Catharine Bolton, dated January 9, 1896, for 85 shares of the capital stock of the said corporation. That upon the trial of this action the plaintiff herein duly made a tender of said certificate in open court, claiming the right to recover the value of the property transferred by Thomas Bolton to said Catharine Bolton, and that he had the right to a money judgment representing such value as against the defendant Bolton Shoe Company, and also as against the defendants Herman Behn and Catharine Bolton. That the market value of said 85 shares of stock represented by said certificate No. 5 was, at the time of its delivery to the plaintiff herein as aforesaid, and ever since has been, much less than the value of the property transferred by Thomas Bolton to his wife as aforesaid, and much less than the interest of the said Catharine Bolton in the said co-partnership, and much less than the value of the interest of said Catharine Bolton in the property of said co-partnership transferred by her to the said corporation on or about January 1, 1895.

(22) That the defendant Bolton Shoe Company has been ever since its organization, and still is, engaged in the business of manufacturing shoes with practically the same plant that was transferred by Thomas Bolton under said bill of sale of August 2, 1893, except so far as the same has become worthless for such purpose. That it is doing a large business, and is practically owned and controlled by the defendant Herman Behn.

(23) That at the time of said transfer by Thomas Bolton on the 2d day of August, 1893, he had obtained a large amount of orders for goods from customers, which had not been filled. That while said Sherwood continued said business he filled $7,400 of said orders. That the said firm composed of Cath-

arine Bolton and Herman Behn thereafter filled $6,093.30 of the remainder of said orders. That the expense of procuring said orders was five per cent. upon the face value thereof.

(24) That during the existence of said partnership between Catharine Bolton and Herman Behn said Behn from time to time advanced moneys to said partnership, and paid bills before the same were due, and thus obtained the discount thereof. That the moneys so advanced, together with such discounts, were credited to said Behn, and formed part of the indebtedness of said firm to him at the time of the formation of said corporation. That the amount of said moneys so credited to him for the discount on the bills amounted to the sum of $2,762.90.

And I find as conclusions of law:

(1) That said bill of sale of August 2, 1893, was made by said Thomas Bolton with the intent to hinder, delay, and defraud his creditors, and especially his said creditors Commercial Bank, Menzo Van Voorhis, and Union Bank of Rochester, and their assignors.

(2) That the said Catharine Bolton took the property conveyed to her under said bill of sale with notice of the fraudulent intent of the said Thomas Bolton, and that she participated in said fraud; that said bill of sale was and is void, as far as Catharine Bolton is concerned, by reason thereof.

(3) That the defendant the Bolton Shoe Company, having purchased the property and assets of the Thomas Bolton Shoe Company pendente lite, and with knowledge of the judgment creditors' actions then pending in regard thereto, is bound by the judgments subsequently recovered therein; and that the judgments recovered in said judgment creditors' actions in which the plaintiff herein was appointed receiver as aforesaid are conclusive evidence in favor of the plaintiff, and against all the defendants herein, of the facts adjudged thereby.

(4) That the plaintiff is entitled to recover of the defendant Bolton Shoe Company the value of the interest of said Catharine Bolton in and to the property and assets of the said co-partnership at the time of the transfer of the same to said corporation, to wit, the sum of $12,000, with interest thereon from the 1st day of January, 1895, amounting at this date to the sum of $3,780; making in all the sum of $15,780.

(5) That the plaintiff is entitled to recover of the defendant Catharine Bolton the value of the property of Thomas Bolton conveyed to her on the 2d day of August, 1893, and all the other property belonging to him subsequently appropriated and used by said Catharine Bolton, Frederick A. Sherwood, and the Thomas Bolton Shoe Company as aforesaid, to wit, the sum of $14,000, with interest thereon from the 2d day of August, 1893, amounting at this date to the sum of $5,595; and making in all the sum of $19,595.

(6) That the complaint should be dismissed upon the merits as against the defendant Herman Behn, with costs.

(7) That the plaintiff is entitled to recover his costs in this action against the defendant Bolton Shoe Company and Catharine Bolton.

Let judgment be entered accordingly.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Hubbell & McGuire, for plaintiff.
Satterlee, Yeoman &·Taylor, for defendants.

PER CURIAM. Affirmed, with costs, on opinion of referee.

RUMSEY, J. (dissenting). I cannot concur in the affirmance of so much of this judgment as charges the Bolton Shoe Company with the value of the assets received by Mrs. Bolton from her husband in 1893. It is an established fact in the case that Herman Behn had.

no notice of the fraud claimed to have been perpetrated by Thomas Bolton upon his creditors by the transfer of his property to his wife until August 19, 1893. Before that time he had purchased the assets which had been sold by Sherwood, had formed a partnership with Mrs. Bolton, had assumed liabilities towards her, and had put all his own assets into the firm of the Thomas Bolton Shoe Company. When he received that notice, no actions had been begun against Thomas Bolton by the plaintiffs in the creditors' suits, and no effort was made by those creditors until November, 1893. So that the Thomas Bolton Shoe Company, which had bought these assets, had dealt with them until November, 1893, and no effort had been made on the part of the plaintiffs, or any one else, to establish a lien on them, so that they could be applied to the payment of the plaintiffs' debts. If a lien can be said to be established by the mere commencement of a creditors' action,—which I do not accede to,—it is quite clear that there was no lien until November, 1893. What was the value of the assets at that time does not appear. The Thomas Bolton Shoe Company dealt with the property until January, 1895. What was the condition of it at that time, how much had been used, how much had become useless, and of what value, does not appear. It went into the hands of the Bolton Shoe Company on the 1st of January, 1895. The persons who constituted that company had notice, as is found by the referee, that the original transfer to Mrs. Bolton was made in fraud of the creditors of Thomas Bolton, and it must be assumed, I suppose, that, so far as they took those original assets, they took them with notice of the right of the creditors to pursue them wherever they might be. But they certainly did not have any further right than that; and, if Mrs. Bolton had disposed of those assets to bona fide purchasers before that time, and had received money for them, which she had put in her pocket, the Bolton Shoe Company would not be called upon, as I look at it, to suppose that the property which she still held at that time was a portion of that which she had received from her husband in fraud of his creditors, or that it was chargeable with her husband's debts.

I cannot accede to the proposition that one who takes property from an insolvent in fraud of his creditors is precluded for all time from dealing with that property, or any other, just because the creditors are seeking to pursue it. I think that the Bolton Shoe Company should only be made liable, at the outside, for the value of the property which Mrs. Bolton received from her husband, and which was actually transferred to that corporation. There was not one particle of evidence in the case to show what was the value of that property, either when it was transferred by Bolton to his wife, or by Mrs. Bolton to the Thomas Bolton Shoe Company, or by that firm to the corporation. All that is in evidence with respect to it is that, when the corporation was organized, Mrs. Bolton received stock to the amount of $10,975.40, less the sum of $2,024, paid out to her. Clearly, the Bolton Shoe Company never received that $2,024, or one penny of it; and there is no claim that it did, but it

is charged by the referee with that sum, just as if it had received it. The only evidence as to the value of the property is that the corporation paid Mrs. Bolton for her interest in the assets of the firm the sum of $10,975.40. That those assets of the firm were the same property that was transferred to Mrs. Bolton by her husband is not made to appear. All that is said about it by the referee is that it was the same property covered by the bill of sale, or property substituted by her and her partner in place thereof, and proceeds of sale of property so conveyed and substituted. Certainly, the Bolton Shoe Company is not responsible for the proceeds of property which Mrs. Bolton had received from her husband, and sold, and which she had put into the firm, and in no event is it responsible for more than the actual value of the property which it received; and, as I have said, there is no evidence of that value. The value put upon it by the firm was ten thousand and some odd dollars, but that is no evidence of the actual value, and the corporation is not required to account to any one else for that amount. This court has just held, as I understand it, in Sebring v. Wellington, 71 N. Y. Supp. 788, that evidence of what is paid for a thing is not competent as bearing upon its value. If that rule be applied here, evidence of what was paid by the company for Mrs. Bolton's share of the assets of the firm is clearly no evidence of its value.

I think the judgment should be modified at least by charging the Bolton Shoe Company with the amount only of the value of the assets which it received from Mrs. Bolton at the time of the organization of the company, if, indeed, it can be said to be chargeable with anything at all.

WILLIAMS, J., concurs.